UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

GREGORY LANGADINOS                                               C.A. NO: 08-11237-DPW
        Plaintiff,

v.

HOSOKAWA MICRON INTERNATIONAL INC.,
HOSOKAWA CONFECTIONARY AND BAKERY
TECHNOLOGY AND SYSTEMS, JEFFREY JERZY,
HOSOKAWA BEPEX GMBH,
HOSOKAWA TER BRAAK BV,
TOKIO MARINE MANAGEMENT, INC.,
and TM CLAIMS SERVICE INC.
        Defendants.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS,
<u>AND REQUEST FOR HEARING</u>**

The defendant Hosokawa Micron International Inc. ("defendant") submits this Memorandum in Support of Its Motion to Compel Supplemental Responses to Interrogatories and Requests for Production of Documents.

**A.      PROCEDURAL HISTORY**

On October 24, 2008, the defendant Hosokawa Micron International Inc. served interrogatories and a request for production of documents on the plaintiff. On or about December 1, 2008, plaintiff served responses. In numerous instances, plaintiff's responses consisted entirely of a general reference to plaintiff's Complaint, and contained no substantive information of any kind. In other instances, plaintiff responded with nothing more than a reference to documents he incorrectly claimed were previously provided to defense counsel, or

2

raised objections that are plainly inapplicable to the defendant's request.  Furthermore, plaintiff's recent filing of his portion of the Second Joint Status Report, filed on October 2, 2009, revealed that plaintiff's production of medical records production is substantially incomplete.  Plaintiff's Second Joint Status Report, filed on October 2, 2009, also reveals that plaintiff is now significantly deviating from his prior sworn testimony regarding liability and damages.

Defense counsel wrote to plaintiff's counsel on October 1, 2009, outlining the disputed discovery issues and requesting a discovery conference.  See letter from David Sempert, Esq. to Paul Pezza, Esq. dated October 1, 2009, attached at Tab 1 to the Defendant's Motion.  Plaintiff has not complied with that request.

**B.    ARGUMENT**

    1.    Plaintiff's Answers to Interrogatories

       **a. Interrogatory Nos. 2, 4, and 8-12**

        2.    Please describe precisely how the subject incident occurred, stating your actions and any other events in the order in which they occurred, including in your answer:

          a.    the precise identity of the Twin Hotmix-500V ("Twin Hotmix") on which you were working at the time of the incident;

          b.    the precise component that you were handling and/or working near;

          c.    your precise location with regard to the Twin Hotmix;

          d.    the name of the product being made in the Twin Hotmix; and

3

    e.    whether you were adding ingredients to the Twin Hotmix and, if so, the identity of the ingredients, and the means by which you were adding the ingredients;

    f.    the stage in the manufacturing process when the incident occurred; and

    g.    whether you contacted any components of the Twin Hotmix at the time of your burn injury and the identity of that component.

**2.    RESPONSE: See First Amended Complaint.**

4.    Please describe in complete detail any and all injuries you allegedly suffered as a result of the subject incident, the nature and severity of such injuries or ailments and the length of time each lasted, and identify each person or health care provider who treated such injuries, and the dates such medical treatment was provided.

**4.    RESPONSE: See First Amended Complaint.**

8.    Please state and itemize any monetary losses and expenses allegedly suffered and/or incurred by you as a result of the incident which is the subject matter of this lawsuit.

**8.    RESPONSE: See First Amended Complaint.**

9.    Please state the basis for your contention that the subject machine was defective, including in your response the manner in which the subject machine was defective, how such alleged defects caused or contributed to your injuries, whether a safer alternative design was available at the time of the design, manufacture and sale of the subject machine, and how such alternative designs would have prevented your injuries.

**9.    RESPONSE: See First Amended Complaint.**

10.    Please state the basis for your contention that the Defendants were negligent or in breach of warranty with respect to the subject machine.

**10.    RESPONSE: See First Amended Complaint.**

11.    Please state the basis for your contention that you suffered emotional distress from the incident, specifying in your answer any physical harm that was caused by the emotional distress alleged, and identifying any

4

      medical records, statements or other materials, including any expert medical records or opinions, which you contend substantiates your claims for emotional distress.

**11.**      **RESPONSE:  See First Amended Complaint.**

12.      Please state the basis for your contention that the defendants made misrepresentations, stating with particularity the identity of the person(s) making the alleged misrepresentation, the contents of the alleged misrepresentation, including where and when it was allegedly made to you, your reliance upon any alleged misrepresentation and any harm which you allege to have resulted.

**12.**      **RESPONSE:  See First Amended Complaint.**

These interrogatories seek information on subject matters central to plaintiff's liability and damages claims regarding the happening of the subject incident (No. 2); the nature and severity of the injuries plaintiff claims to have sustained in the incident, the identity of health care providers who treated the plaintiff for such injuries, and the dates of treatment (No. 4); all monetary losses and expenses plaintiff claims to have sustained in the incident (No. 8); the factual grounds for plaintiff's claims that the subject machine was defective and for his allegations of negligence and breach of warranty against the defendants (Nos. 9-10); the basis of plaintiff's claim that he suffered emotional distress from the incident (No. 11); and the basis of plaintiff's allegation that the defendants made misrepresentations (No. 12).

Fed.R.Civ.P. 33(b)(3) states that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Interrogatories should be answered directly and without evasion based on information in the possession of the answering party.  See 8A Wright & Miller: Federal Practice and Procedure § 2177 (2009), and cases cited at n.6-8. Plaintiff's answers to Interrogatory Nos. 2, 4, and 8-12, set forth above, consist entirely of brief

5

and general references to the Plaintiff's First Amended Complaint, and are devoid of any substantive information. The plaintiff may not respond by merely referring to his Complaint. Incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory. See Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co., Inc., 61 F.R.D. 115, 120 (N.D. Ga. 1972), cited in Wright and Miller, supra, at n.7. Plaintiff has failed even to mention specific portions of his pleadings that might contain relevant information. Williams v. Johanns, 235 F.R.D. 116, 120 (D.C.D.C. 2006), cited in Wright and Miller, supra, at n.8. Moreover, plaintiff has failed to raise any objections whatsoever to any these interrogatories, and so has waived any grounds for objecting. See Fed.R.Civ.P 33(b)(4).

Therefore, plaintiff's responses to Interrogatory Nos. 2, 4 and 8-12 should be ordered supplemented to provide full, complete, and non-evasive answers.

### b. Interrogatory Nos. 5, 16 and 19

5. If you or anyone acting on your behalf gave a statement to anyone, including rescue workers, police officer, or any other law enforcement officer, or public agency or entity, including specifically any statements provided to the Food and Drug Administration or the Occupational Safety and Health Administration concerning any phase of the incident, or circumstances surrounding the incident, please identify who gave the statement and the entity to which it was given, and the substance of the statement.

5. **RESPONSE**

No statement was ever given by plaintiff to rescue workers, police officers, or any other law enforcement officers. Plaintiff has no personal knowledge of anyone ever giving any statements to rescue workers, police officers, or any other law enforcement officers. Plaintiff's statements made U.S. Department of Labor

6

        OSHA Division [sic], and Food and Drug Administration, were all provided to defendant's counsel as acknowledged in three separate letters authored by Attorney Bonavita, dated <u>February 15, 2008</u>; <u>March 6, 2008</u>; <u>April 14, 2008</u>.

16. Please describe fully your work history from twenty years prior to the incident to the present, stating as to each job that you held within the indicated time period:

    a. the name and address of the employer;

    b. the dates of employment;

    c. the wages, salary or profit and any other economic benefits you received;

    d. your title or position; and

    e. the reason for the termination of your employment.

**16. RESPONSE**

To the best of plaintiff's present recollection the following is a list of plaintiff's former employers. Plaintiff has had employment positions in between college, graduate school, and law school, and may have overlooked some employment positions.

1989-1992;  
Night Manager  
White Hen Pantry (Convenient Store);  
1819 Massachusetts Avenue  
Cambridge, MA  02140

1993  
Legislative Fellow  
Congressman Joseph P. Kennedy IInd  
United States House of Representatives  
2428 Rayburn House Office Bldg,  
Washington, DC  20515

7

1993-2000; (off and on)
Real Estate Paralegal; (Researcher)
Law Offices of Raymond Aaronian
93 Concord Ave
Belmont, MA  02478

1993
Bookseller
Harvard Book Store
1256 Massachusetts Ave, Cambridge, MA  02138

1994
Bread & Circus
Produce Department Clerk
200 Alewife Brook Pkwy
Cambridge, MA  02138

1995
Sale Representative
One Stop Business Centers Inc.,
21 Ray Ave
Burlington, MA  01803

2000;
Litigation Paralegal; and
Research Assistant; [TEMP AGENCY}
Spectra Professional Temps
One Faneuil Hall Marketplace
Boston, MA  02109

2000
Pitney Bowes Office Systems
959 Concord St Ste 3
Framingham, MA  01701

2001;
Proofreader
Testa Hurwitz, & Thibeault LLP
125 High Street
Boston, MA  02110

8

        2002;
Researcher
Administrative Office of U.S. Court
Federal Judicial Center
Thurgood Marshall Federal Judiciary Building,
One Columbus Cir NE,
Washington DC 20002-8003

2004
Legal Assistant
PJS Inc. d/b/a/ Positions Inc.,
One South Faneuil Hall 5F
Boston, MA  02109

2004
Security Guard
Spectraguard Acqusition [sic] LLC/Allied Security
3606 Horizon drive
King of Prussia, PA  19406

2004;
Cooker/Compounder
Nutramax Products Inc.,
51 Blackburn Drive
Gloucester, MA  01930-2237

19. Please list any claim for damages and any lawsuit in which you have been a plaintiff, including in your answer as to each claim and lawsuit:

    a. the Court in which any lawsuit was brought, including the docket number;

    b. the nature of the allegations;

    c. the outcome of the claim or litigation; and

    d. whether you received any money as a result of your claim or lawsuit.

**19. RESPONSE**: Objection. Plaintiff objects to the herein interrogatory as, unduly burdensome, prejudicial, overly broad, and not readily calculated to lead to the discovery of admissible evidence. Nor is the answer sought

9

> by defendants relevant to the question of liability of the current defendants.
>
> Furthermore, defendants seek documents or information that are readily or more accessible to Defendant from Defendants' Own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to plaintiff.

In Response No. 5, plaintiff claims incorrectly that he has already provided to defense counsel his statement to the Food and Drug Administration ("FDA"), his letter to OSHA, and/or a complete copy of the FDA file regarding the incident. In fact, plaintiff has not provided the cited documents to the defendant and specifically objected to producing the affidavit that he submitted to the FDA.

Response No. 16 contains a number of important omissions. Absent from Response No. 16 are the two categories of information requested in Interrogatory No. 16(c) and (e) respectively: the wages, salary or profit and any other economic benefits plaintiff received, and the reasons for termination of his employment. As well, plaintiff neglected to provide precise dates of employment. The defendant requires that information in order to accurately evaluate plaintiff's claims of economic loss resulting from the incident.

The information requested in Interrogatory No. 19 is reasonably calculated to lead to the discovery of admissible evidence. The defendant may reasonably seek information regarding other claims and lawsuits, which may reveal motive, plan, intent, modus operandi and redundant medical claims.

10

Therefore, defendant prays that Interrogatory Nos. 5, 6, 16 and 19 be ordered supplemented.

**B.      REQUESTS FOR PRODUCTION OF DOCUMENTS**

   **1.      <u>Request Nos. 6, 7, 12, 14, 15, 33, 37</u>**

   a.      **Nos. 6, 7**

   6.      Any and all documents or reports upon which you base your contention that you suffered injuries as a proximate result of a defect in the subject machine or any of its component parts.

   **6.      RESPONSE: Plaintiff directs defendant's counsel to the paragraphs within First Amended Complaint.**

   7.      Any and all documents upon which you base your contention that any Defendant was negligent or in breach of warranty with respect to the subject machine.

   **7.      RESPONSE: Plaintiff directs defendant's counsel to the pertinent paragraphs within First Amended Complaint.**

Request Nos. 6-7 seek the production of documents that plaintiff claims support plaintiff's product liability allegations. Once again, plaintiff simply referred the defendant to his Complaint. He has waived his objections, but produced no documents. If he has no such documents, he should say so.

   b.      **Request Nos. 12, 14**

   12.      Copies of any and all hospital, medical, ambulance, or doctor's records, including x-rays, which relate to or concern injuries to and/or treatment, rehabilitation, or counseling received by you as a result of any physical, emotional, or psychological injuries of you arising out of the subject incident.  (HIPPA releases to the appropriate doctors, hospitals and ambulance services from plaintiff will suffice in lieu of production).

11

    **12.**    **RESPONSE:** Plaintiff has already provided the defendants with documents requested in this question, as acknowledged in letters from counsel of defendant's [sic] to plaintiff dated <u>February 15, 2008</u>; <u>March 6, 2008</u>; <u>April 14, 2008</u>.

    14.    Copies of all medical records related to medical treatment, advice and medical services received within five (5) years preceding the incident and since the incident (HIPPA releases in lieu of protection will suffice).

    **14.**    **RESPONSE:** According to the Honorable Judge Woodlock's oral ruling from the bench, the <u>plaintiff will not be required</u> to provide any medical records dated <u>prior</u> to the October 8, 2004 incident.

              Plaintiff has formerly provided all medical records in his possession upon defendants, as acknowledged within three separate letters authorized by Attorney Bonavita dated (1). February 15, 2008, (2). April 14, 2008, and (3). March 6, 2008.

These requests seek a <u>complete</u> set of health care records pertaining to injuries allegedly arising from the subject incident (No. 12), and all pre-accident medical records for five (5) years prior to the incident (No. 14). The defendant requires these in order properly assess the nature and extent of plaintiff's alleged injuries resulting from the incident, and to determine whether the injuries plaintiff claims he sustained in the incident actually resulted from it, or arose from unrelated causes. Plaintiff has provided only a partial set of post-accident records, and has raised no proper objections. On or about October 1, 2009, the defendant was surprised to learn that plaintiff is being treated by Dr. Graf for shoulder, arm and hand chronic pain syndrome and depression, allegedly related to the incident. Dr. Graf's involvement was revealed for the first time when his record was attached to the Parties' Second Status Report. The plaintiff should not be permitted to conduct this sort of trial by ambush. Furthermore, the plaintiff has not produced any records *after* 2006, until Dr. Graf's one page report dated 9/09/09 emerged. There is a 3-year hiatus in the records. The plaintiff testified in deposition on December 4, 2008, that he was

12

being treated by a Dr. Geary, a Dr. Gilman and maybe "one more" (plaintiff's deposition pages 187, 190).  Also, the plaintiff revealed on October 1, 2009 that he is collecting Social Security Disability benefits.  The medical basis for his claimed disability is clearly discoverable and should be produced as well.

With respect to Request No. 14, plaintiff's reference to a supposed "oral ruling from the bench" in inaccurate.  To the contrary, the Court stated that since plaintiff had put his psychological condition into issue by claiming PTSD[1] as a result of the incident, his pre-accident psychological records were discoverable.

The plaintiff has not produced complete records or signed releases.  Therefore, defendant requests that plaintiff be ordered to sign HIPPA releases *and* be required to produce the requested records, to the extent that they are presently in plaintiff's possession, custody or control.

    **c.**    **Request No. 15**

    15.    Any and all 1099 or W-2 forms for you for each of the five years preceding and each year since the happening of the subject incident.

**RESPONSE:  Plaintiff hereby attaches W-2's for years 2001, and 2004.**

Request No. 5 seeks tax and earning records for five (5) years preceding and after the accident.  Plaintiff has produced only two (2) years of W-2 forms, one from before the incident,

---

[1]    Plaintiff now claims to suffer depression from the accident.

13

and one from the year it occurred. The defendants require the requested records to arrive at an accurate record of plaintiff's annual income prior and subsequent to the incident, so as to evaluate plaintiff's claims of lost income, and requests that their production be ordered.

    **d.**    **Request No. 33**

33. Any and all complaints and claim letters in other litigation to which you were a party in which you claimed damages.

**RESPONSE: Objection, this request seeks documents which are not relevant.**

The defendant's request for complaint and claim letters in other claims and cases is reasonably calculated to lead to the discovery of admissible evidence. Such records may reveal motive, plan, intent, modus operandi and redundant medical claims.

    **e.**    **Request No. 37**

37. Any affidavits, statements, or written submissions prepared or signed by plaintiff which were submitted to any state, federal or local agency or administration, including specifically any affidavits provided to the Food and Drug Administration or the Occupational Safety and Health Administration relating in any way to the subject machine or the subject incident.

**RESPONSE: The Affidavit of Gregory Langadinos is protected communication pursuant to the attorney-client privilege.**

Plaintiff's objection to this request is improper, because the Affidavit that he submitted to the FDA, a governmental agency, is clearly not an attorney-client communication and is not protected by the claimed privilege.

14

For the reasons set forth above, plaintiff's responses to its interrogatories and requests for production of documents are incomplete and evasive, and an order compelling complete responses within ten (10) days should be issued.

WHEREFORE, Defendant respectfully requests that its Motion to Compel Supplemental Responses to Interrogatories and Requests for Production of Documents be ALLOWED.

## REQUEST FOR HEARING

Defendant requests an oral argument pursuant to Local Rule 7.1(D), on this motion.

Defendant,
Hosokawa Micron International Inc.,
By their attorneys,


__/s/  David H. Sempert_____
David H. Sempert BBO#:  451560
   DSempert@cornellgollub.com
James P. Kerr  BBO#:  564538
   JKerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, MA  02110
(617) 482-8100
(617) 482-3917 facsimile


## CERTIFICATE OF SERVICE

I, David H. Sempert, attorney for the defendant, Hosokawa Micron International, Inc., hereby certify that on the 2nd day of November, 2009, a true copy of the foregoing Defendant's

15

Memorandum in Support of Motion to Compel Supplemental Responses to Interrogatories and Requests for Production of Documents and Request for Hearing, was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing.

      /s/  David H. Sempert