```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
GREGORY LANGADINOS            )
        Plaintiff,            )
                              )
                              )
    v.                        )    CIVIL ACTION NO.
                              )    08-11237-DPW
                              )
HOSOKAWA MICRON               )
INTERNATIONAL, INC., HOSOKAWA )
CONFECTIONARY AND BAKERY      )
TECHNOLOGY AND SYSTEMS,       )
JEFFREY JERZY, HOSOKAWA BEPEX )
GMBH, HOSOKAWA TER BRAAK BV,  )
TOKIO MARINE MANAGEMENT, INC. )
AND TM CLAIMS SERVICE, INC.   )
        Defendants.           )
```

MEMORANDUM AND ORDER
March 31, 2011

In this products liability action initially brought pro se by a food production worker[1] who burned his right hand while adding an ingredient to a machine identified as the Hosokawa Hotmix 500V, the plaintiff belatedly sought - after an extended period of searching for an expert to support his claim - to offer his brother, whose qualifications and methodology I have found insufficient to justify his testimony as an expert.

---

[1] The plaintiff has some legal education but apparently has not been able to develop the requisite credentials to become a member of the bar. He has unsuccessfully litigated two disputes regarding his law school experiences in this court. *Langadinos v. New England Law School*, 00-10025-PBS (dismissed Sept. 7, 2000) *aff'd* No. 00-22777 (1st Cir. July 6, 2001) and *Langadinos v. Southern New England School of Law*, 00-11817-RWZ (dismissed Aug. 21, 2001)

Over the fitful period of discovery[2] in this case, the plaintiff has asserted alternatively that he was injured when steam somehow came out of the Hotmix or when an unidentified caustic chemical that was somewhere present came into contact with the calcium he was handling. These alternatives are offered to contend that the defendant manufacturer and its chain of distribution were negligent, breached an implied warranty of merchantability or otherwise engaged in misconduct causing harm to the plaintiff. The defendants contend the plaintiff himself was negligent in knowingly and intentionally exposing himself to the obvious risk of the Hotmix machine.

The summary judgment record contains undisputed evidence that the vapor temperatures for the Hotmix did not reach levels capable of causing injury from a thermal burn. There is no competent medical evidence as to the source of any chemical - as opposed to a thermal - burn. The record appears to support the inference that the plaintiff's own conduct in working with the machine was itself negligent. Moreover, the plaintiff's workplace and the choice of protective equipment was not in the

---

[2] The defendants have detailed the plaintiffs discovery shortcomings in a motion (#76) seeking the sanction of dismissal. While I find the motion well founded, I prefer to address the case on the merits. I note, however, that Judge Gertner was moved in another matter brought by Langadinos to declare "enough is enough. Dismissal of the complaint is a proportionate sanction for Langadinos' repeated failure to obey my orders [related to discovery misconduct]." *Langadinos v, American Airlines, Inc.*, No 98-11127-NG (Doc. No. 39, May 23, 2001) *aff'd* No. 01-1833 (1st Cir. Oct. 18, 2002).

control of the defendants, but rather in the control and choice of plaintiff's employer, who is immune from liability to this litigation by the workers compensation regime.

There is no doubt that, given the nature of the injury and complexity of the relevant machinery, expert testimony is necessary to support plaintiff's claims. The plaintiff has tendered no expert medical testimony to demonstrate the causation of his injury. The fact of a burn, even a chemical burn, does not provide sufficient evidence to show that the cause of the burn can be traced to some failure to meet a legal duty by the manufacturer of the machine. The doctrine of *res ipsa loquitur* cannot supply the relevant evidence of causation.

As to the characteristics of the machine, the plaintiff's quondam engineering expert, Bill Dobson, opines "I can not say the machine was unreasonably dangerous or defective in design or manufacture. The fact that Greg was burned does not in itself render the machine dangerous. I can not see how it is any more dangerous than my stove at home (and, actually arguably safer!). There is also the argument that the hazard, such as it is, is open and obvious. That the product is hot is obvious. Greg says he saw steam coming from the opening, again a clue it was hot."

The various claims asserted by plaintiff are unsupported. Accordingly, I GRANT defendant's Motion for Summary Judgment

(#93) find defendant's motion to dismiss (#76) MOOT and DENY

plaintiff's Motion to Strike (#97)

                                           **/s/ Douglas P. Woodlock**
                                           DOUGLAS P. WOODLOCK
                                           UNITED STATES DISTRICT JUDGE